UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFERY S. WEAVER, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 4:06CV1467 JCH |
| MICHAEL BOWERSOX, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Missouri state prisoner Jeffery S. Weaver's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (§ 2254 petition). (Doc. No. 2). By way of background, on March 19, 2001, Petitioner plead guilty in the Circuit Court of Ralls County, Missouri, to one count of Robbery in the First Degree, and one count of Armed Criminal Action. On April 26, 2001, Petitioner was sentenced to thirty years imprisonment on Count I, and ten years imprisonment on Count II, said sentences to be served consecutively with each other, and consecutively with the sentence Petitioner currently was serving in the state of Illinois. Petitioner did not appeal his conviction or sentence.

Having been delivered to the custody of the Missouri Department of Corrections on July 31, 2003, Petitioner filed a *pro se* motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035 on September 4, 2003. On July 7, 2004, Petitioner's amended Rule 24.035 motion was denied after an evidentiary hearing. The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion on August 30, 2005. Weaver v. State, 172 S.W.3d 871 (Mo. App. 2005).

Petitioner is currently incarcerated at the South Central Correctional Center in Licking, Missouri. The instant § 2254 petition, signed and verified by Petitioner on September 29, 2006, was

received by this Court on October 4, 2006.[1] In his response, filed December 4, 2006, Respondent contends the petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1), because more than one year elapsed between the date Petitioner's conviction became final on May 6, 2001 (ten days after the date of sentencing), and the date Petitioner filed his federal habeas petition on September 29, 2006.

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). 28 U.S.C. § 2244(d)(2) provides that the time during which Petitioner had a properly filed application for state post-conviction or other collateral review pending shall not be counted toward any period of limitation under Section 2244(d).

"Under Missouri law, '[a] judgment in a criminal case ... becomes final for purposes of appeal when sentence is entered, ... and an appeal must be filed within ten days thereafter.... The same time limit applies to those cases where an appeal is permitted from a guilty plea.'" Despain v. Gammon, 2005 WL 1295668 at * 1 (W.D. Mo. May 31, 2005), quoting State v. Harris, 863 S.W.2d 699, 700 (Mo. App.1993) (citations omitted). Thus, because Petitioner was sentenced on April 26, 2001, his conviction became final on May 6, 2001, when the time for seeking direct review thereof expired pursuant to Mo.Sup.Ct.R. 30.01(d). Id.

Respondent contends that the tolling provisions of 28 U.S.C. § 2244(d)(2) do not apply to the facts of this case, because even though Petitioner filed a post-conviction motion, he did not file

---

[1] According Petitioner the benefit of the prison mailbox rule, the Court considers the instant § 2254 petition to have been filed on September 29, 2006, the date on which such petition was verified by Petitioner. *See generally* Nichols v. Bowersox, 172 F.3d 1068 (8th Cir. 1999).

it until September, 2003, long after the one year limitations period ended on May 6, 2002. As stated above, the time during which a properly filed post-conviction motion is pending tolls the statue of limitations. See Despain, 2005 WL 1295668 at * 1. Under Eighth Circuit law, however, "the time between the date direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year statute of limitations for filing a petition for federal habeas relief." See Roberson v. Dormire, 2005 WL 1307683 at * 1 (W.D. Mo. May 27, 2005). See also Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) (citations omitted).

In the instant case, as noted above, the one-year period ended on May 6, 2002. Therefore, by the time Petitioner filed his state-court post-conviction motion on September 4, 2003, there was no federal limitations period remaining to toll. See Painter, 247 F.3d at 1256. Petitioner's § 2254 petition thus must be dismissed as untimely filed under the provisions of 28 U.S.C. § 2244(d)(1)(A). See Finerson v. Murphy, 2005 WL 1828751 (E.D. Mo. Aug. 1, 2005).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) is **DISMISSED** with prejudice, as barred by the statute of limitations set forth in 28 U.S.C. § 2244(d)(1) and (2). A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 31st day of January, 2007.

                                                  /s/ Jean C. Hamilton
                                                  UNITED STATES DISTRICT JUDGE